**Albert BRADY, Plaintiff–Appellant,**

**v.**

**HALAWA CORRECTIONAL FACILITY, Medical Unit Staff; et al., Defendants–Appellees.**

**No. 06–16813.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 10, 2008.

Albert Brady, Tutwiler, MS, pro se.

Caron M. Inagaki, Esq., Cindy S. Inouye, Esq., Christine E. Savage, Esq., Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Albert Brady, a former Hawaii state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging violation of his Eighth Amendment rights.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Brady's claim that defendants violated his Eighth Amendment rights by delaying hernia surgery, because Brady did not raise a triable issue as to whether defendants disregarded an excessive risk to his health or that the treatment they provided was medically unacceptable. *See id.* at 1058 ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health.") (quotation marks and brackets omitted).

The district court properly granted summary judgment on Brady's claim that defendants violated his Eighth Amendment rights by transferring him to another facility for the purpose of delaying medical treatment, because Brady did not present any evidence that defendants intended to interfere with his medical treatment. *See* Fed.R.Civ.P. 56(e) (requiring submission of evidence in opposition to motion for summary judgment).

The district court did not err in refusing to consider a theory advanced for the first time in Brady's motion for summary judgment. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–94 (9th Cir.2000) (affirming district court's decision not to allow plaintiff to proceed on a new theory at summary judgment).

---

* James B. Peake is substituted for his predecessor, Anthony J. Principi, as Secretary of the

Brady's remaining contentions are unpersuasive.

**AFFIRMED.**